Case 4:23-cv-04599   Document 23   Filed on 05/02/25 in TXSD   Page 1 of 4

United States District Court
Southern District of Texas
**ENTERED**
May 02, 2025
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JASON CANALES, | § | |
| | § | |
| *Plaintiff*, | § | |
| VS. | § | CIVIL ACTION NO. 4:23-cv-04599 |
| | § | |
| HARRIS COUNTY, SHERIFF ED | § | |
| GONZALEZ, DEPUTY JOHN DOES 1-10, | § | |
| INMATE JOHN DOES 1-10, | § | |
| | § | |
| *Defendants*. | § | |

# ORDER

Pending before the Court is Plaintiff Jason Canales' ("Canales" or "Plaintiff") Motion to Alter or Amend Judgment, (Doc. No. 21), Defendant Harris County responded (Doc. No. 22). Upon consideration of the arguments of the parties, the Court **DENIES** the Motion to Alter or Amend. (Doc. No. 21).

## I. BACKGROUND

This motion asks the Court to reconsider a previous Order granting Defendant's Motion to Dismiss. (Doc. No. 20). Incorrectly, the Court's Order was titled "Order Granting Summary Judgment," rather than "Order Granting Motion to Dismiss." *See* (*Id.* at 1). Nevertheless, the Court's analysis made clear that it was applying a Rule 12(b)(6) standard, and dismissed the claims based on the pleadings alone. (*Id.* at 15). Still, Plaintiff moves for reconsideration, or to alter or amend the Order, on the grounds that the Court "converted the Motion to Dismiss to a Summary Judgment without notice and granted the Motion." (Doc. No. 21 at 2). While the Order itself makes clear that the Court did *not* convert the Motion to Dismiss into a summary judgment, the Court will enter an Amended Order to clarify its ruling.

Plaintiff was held in the Harris County Jail as a pretrial detainee after a dispute with his girlfriend. While in custody, he alleged that several inmates "beat him up twice and stabbed him." (Doc. No. 9 at 1). He alleged that unnamed guards on duty that day (identified only as John Does 1-10) failed to intervene and protect him during the assault in violation of his constitutional rights. Canales identified Sheriff Ed Gonzalez ("Gonzalez") as the chief policymaker for Harris County and alleged that Gonzalez "continues to place pretrial detainees and convicted inmates in conditions that result in preventable attacks and injuries." (Doc. No. 9 at 5). Canales also pointed to violent incidents involving other pretrial detainees and inmates in the Harris County Jail. Ultimately, he alleged that the officers' failure to intervene during assaults reflected a municipal pattern or practice, and that "the understaffing of the jail is the moving force behind the failures to protect pre-trial detainees and inmates while in custody." (Doc. No. 9 at 9).

The County moved to dismiss the First Amended Complaint, which the Court granted. The Court found that: (1) Plaintiff's claims against the Unnamed Defendants were barred by the statute of limitations; (2) Plaintiff failed to adequately allege a *Monell* claim against Harris County; and (3) Plaintiff's claim against Sheriff Gonzalez was barred by qualified immunity. (Doc. No. 20 at 4–15). Plaintiff then filed this Motion to Alter or Amend the Judgment. (Doc. No. 21).

II.   **Legal Standard**

Rule 59(e) motions call into question the correctness of a judgment. *In re Transtexas Gas Corp.*, 303 F.3d 571, 581 (5th Cir. 2002). The Fifth Circuit has repeatedly held that Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or

fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (internal quotations omitted).

Rule 60(b), titled **Grounds for Relief from a Final Judgment, Order, or Proceeding**, states that:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
> **(1)** mistake, inadvertence, surprise, or excusable neglect;
>
> **(2)** newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> **(3)** fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> **(4)** the judgment is void;
>
> **(5)** the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> **(6)** any other reason that justifies relief.

FED. R. CIV. P. 60(b). The purpose of Rule 60(b) is to balance the principle of finality of a judgment with the interest of the court in seeing that justice is done in light of all the facts. *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. Jan. 1981). "[T]he decision to grant or deny relief under Rule 60(b) lies within the sound discretion of the district court and will be reversed only for abuse of that discretion." *Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir. 1996) (en banc) (citations omitted). "A district court abuses its discretion if it bases its decision on an erroneous view of the law or on a clearly erroneous assessment of the evidence." *Hesling v. CSX Transp., Inc.*, 396 F.3d 632, 638 (5th Cir. 2005).

### III. Analysis

Plaintiff's motion fails to raise any of the grounds for reconsideration that are listed in the Federal Rules. *See* FED. R. CIV. P. 59(e), 60(b). Plaintiff points to no newly discovered evidence

or manifest errors of law. Rather, Plaintiff makes conclusory statements that "Jason Canales's complaint did not need to supply an answer to the legal question for example the specific identity of the county's policy maker under the relevant statutory scheme." (Doc. No. 21 at 3). Further, Plaintiff states that "[i]f some of Plaintiff's claims as pleaded do not meet the heightened pleading requirements for qualified immunity, courts will generally allow one chance to amend a deficient pleading before dismissing with prejudice." (*Id.* at 2). While true, the Court's Order dismissed Plaintiff's First Amended Complaint—Plaintiff had already been given leave to amend his Original Complaint. *See* (Doc. No. 9). Thus, the Court finds no actual grounds to reconsider the Order other than the error in its title.

Plaintiff's motion seems to be based primarily on the belief that the Court applied the Rule 56 standard in summary judgment motions to the Plaintiff's pleadings. To be clear, it did not. The Court laid out the appropriate analysis under Rule 12(b)(6), and the applied that standard against Plaintiff's pleading. Finding that the pleading did not plausibly state a claim on which relief could be granted, the Court then dismissed Plaintiff's claims without prejudice. (Doc. No. 20). Still, the Court's incorrect title has clearly caused confusion. On that ground, the Court voluntarily amends its prior order with a corrected title.

### IV. Conclusion

For the foregoing reasons, the Court hereby **DENIES** Plaintiff's Motion to Alter or Amend the Judgment. (Doc. No. 21).

Signed this 2nd day of May, 2025.

Andrew S. Hanen
United States District Judge